```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x

HANSEL ADAMES,

                    Plaintiff,                MEMORANDUM & ORDER
                                                 19-CV-2699(EK)
          -against-

KIOLO KIJAKAZI, ACTING COMMISSIONER
OF SOCIAL SECURITY,

                    Defendant.

---------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Hansel Adames, proceeding *pro se*, seeks judicial review of the Commissioner of the Social Security Administration's denial of his claims for "child's insurance benefits" based on disability and for supplemental security income. (Adames alleges that he has been disabled since January 1, 2012, before he reached the age of majority; he is no longer a minor.) Before the Court is the Commissioner's motion for judgment on the pleadings. For the following reasons, I grant the motion.

## I. Background

### A. Factual Background

Plaintiff alleges that he has struggled with mental health challenges from an early age, including bipolar disorder, depression, and anger management issues. Admin. Trans. ("Tr.")

21, 213, 223, 240, ECF No. 31.[1] Plaintiff also reports suffering from asthma. *Id.*

In March 2016, when Adames was nineteen years old, he applied for supplemental security income. The following month, his parents filed for child's insurance benefits based on disability on his behalf.[2] *Id.* at 21. He alleges he has been disabled since January 1, 2012 — specifically, that he suffers from bipolar disorder, depression, anger management issues, and asthma. *Id.* The claim was initially denied. *Id.*

After requesting a hearing, Adames appeared before an administrative law judge on May 4, 2018. *Id.* The ALJ later issued a decision concluding that Adames was not disabled and therefore not entitled to disability benefits under either program. *Id.* The Appeals Council dismissed Plaintiff's request for review because his request was not timely filed, rendering the ALJ's decision final.[3] *Id.* at 5-6. This appeal followed.

---

[1] Page numbers in citations to the administrative transcript refer to native page numbers. All other page numbers refer to ECF pagination.

[2] To receive child's insurance benefits as an adult based on disability, an applicant must show that he was the unmarried child of an individual who was entitled to benefits, that he is dependent on that individual, and that he suffers from a disability that began before the age of 22. *See* 42 U.S.C. § 402(d)(1); 20 C.F.R. § 404.350.

[3] At oral argument, the Commissioner advised the Court that it had mischaracterized the Appeals Council decision in its brief. Rather than denying Adames's request for review, as Defendant suggested in its brief, the Council dismissed the appeal on timeliness grounds. The timeliness of an

2

**B. The ALJ Decision**

As noted above, Adames (and his parents) sought to establish disability under two separate rubrics: that he was entitled to "child's benefits" under 20 C.F.R. § 404.350 as the disabled child of "an insured person" who was him- or herself "entitled to old-age or disability benefits," *id.*, and that he qualified for supplemental security income under 20 C.F.R. § 416.1100.

Whether Adames is "disabled" for child's benefit purposes under Section 404.350 is evaluated using the same standard as in the more common context where an adult is applying for supplemental security income.[4] Under that standard, the ALJ is required to perform a five-step inquiry. First, the

---

appeal filed with the Appeals Council is an issue of exhaustion that is waivable. *Adelman v. Berryhill*, 742 F. App'x 566, 571 (2d Cir. 2018) (claimant's exhaustion of administrative remedies before obtaining judicial review is "waivable"). The Court requested letter briefing on this issue, and now concludes that while Adames did not timely file his appeal to the Appeals Council, the Commissioner waived this argument by not bringing it in their motion for judgment on the pleadings. The Court therefore proceeds to the merits of Adames's appeal.

[4] *See* 42 U.S.C. § 402(d)(1) (explaining that an adult child's eligibility for child's insurance benefits is determined, in part, on the definition of disability "as defined in section 423(d) of this title"); *see also id*. § 423(d)(defining the term disability for use in determining eligibility for disability insurance benefit claims across social security programs); *Priel v. Astrue*, 453 F. App'x 84, 86 (2d Cir. 2011) (applying the five-step sequential evaluation process and definition of disability used in standard adult disability claims to the analysis of a disabled adult child's benefits claim); *Hanlon v. Saul*, No. 18-CV-7090, 2020 WL 999900, at *2 (E.D.N.Y. Mar. 2, 2020) ("In the context of determining eligibility for disabled adult child's benefits, the term 'disability' has substantially the same definition as it does in traditional, adult disability cases.").

ALJ determines whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). If not, the ALJ evaluates whether the claimant has a "severe impairment" — that is, an impairment or combination of impairments that significantly limits the applicant's ability to perform basic work activities. *Id.* § 404.1520(c). If the ALJ identifies a severe impairment, he or she must determine if it meets or equals one of the impairments listed in Appendix 1 of the regulations (the "Listed Impairments"). *Id.* § 404.1520(d); 20 C.F.R. Part 404, Subpart P, Appendix 1. If so, the ALJ will deem the applicant disabled. 20 C.F.R. § 404.1520(a)(4)(iii). If not, the ALJ proceeds to determine a claimant's residual functional capacity ("RFC"), which is the most a claimant can do in a work setting notwithstanding her limitations. 20 C.F.R. § 404.1545(a)(1).

Then, at step four, the ALJ then considers whether, in light of the RFC determination, the claimant could perform "past relevant work," if the claimant has worked in the past. 20 C.F.R. § 404.1520(f). Finally, at step five, the ALJ evaluates whether the claimant could perform jobs existing in significant numbers in the national economy. *Id.* § 404.1520(g).

Here, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period of alleged

4

disability.  Tr. 23.  The ALJ then held that Adames had established severe impairments during the relevant period, including bipolar disorder, depression, and asthma.  *Id*. at 24. Proceeding to step three, the ALJ concluded that none of Adames's severe impairments met or equaled the criteria of a listed impairment, either individually or in combination.  *Id*. This finding was predicated primarily on the ALJ's evaluation of Adames's school records, consultative physician examinations, and contemporaneous medical records.  *Id*. at 24-27.  These sources led the ALJ to conclude that Adames suffered from only moderate limitations.  *Id*. at 24.

Proceeding to the residual functional capacity assessment, the ALJ concluded that Adames had the RFC "to perform the full physical range [of] light work" with some modifications indicated by the record evidence, including avoiding respiratory irritants.  *Id*. at 27.  Given that Adames had no work history, the ALJ then proceeded to the final step of the evaluation and concluded that there were jobs available in significant numbers in the national economy that Adames could perform, including as a routing clerk, photocopy machine operator, and advertising material distributor.  *Id*. at 34-35. Accordingly, the ALJ concluded that Adames was not disabled and therefore not entitled to benefits.  *Id*.

5

## I. Standard of Review

A federal district court has jurisdiction to review the final judgment of the Commissioner denying an application for Social Security disability benefits. 42 U.S.C. § 405(g). The review is limited to two questions: whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009).[5] "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotations omitted). "[I]f supported by substantial evidence," the Commissioner's factual findings "shall be conclusive." 42 U.S.C. § 405(g).

## II. Discussion

Adames asks the Court to review the Commissioner's determination that he was not disabled. Adames did not file a written opposition to the Commissioner's motion for judgment on the pleadings, but he did appear at oral argument. The Second Circuit instructs that courts must give "special solicitude" to *pro se* litigants and should construe "the submissions of a pro

---

[5] Unless otherwise noted, when quoting judicial decisions this order omits all alterations, citations, and internal quotation marks.

se litigant liberally" and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

That solicitude notwithstanding, the Court's review of the Commissioner's decision is circumscribed to whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the proper legal standards. On the Court's exhaustive review of the record, the ALJ's decision is well-supported by substantial evidence, and he applied the proper legal standards.

Adames has documented asthma and mental-health issues, including bipolar disorder and depression. The ALJ concluded that while these conditions were severe, they did not equal a listed impairment. Tr. 27. The ALJ reached this conclusion by appropriately considering the full record, including Adames's testimony; his medical records; and the report and opinions of the consultative medical examiners Dr. Olga Yevsikova and Dr. Melody Goldman. *Id*. at 28, 317-19, 357-58, 472-73. As for his asthma in particular, the ALJ considered the reports from his treatment history that indicated the asthma was "intermittent" and Dr. Goldman's observation that Adames should avoid pulmonary irritants (such as smoke, dust, and extreme temperature). *Id.*

In evaluating the combination of Adames's mental health challenges to see if they met Listed Impairment 12.04,

7

specifically paragraph B, the ALJ considered the four domains required by the regulation: (1) understanding, remembering or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself.  *See* 20 C.F.R. pt. 404, subpt. P, app. 1, sec. 12.04 (the "paragraph B" criteria).  To equal a listed impairment, the impairments in question must cause *marked* impairments in two domains or *extreme* impairment in one domain. *Id*.  The ALJ concluded that Plaintiff had a moderate impairment in the first two domains, a mild to moderate limitation in the third domain, and a mild limitation in the last domain.  He based this conclusion on Plaintiff's school records and reports from consultative examinations in June 2016 and April 2018, among other things.  Tr. 24-25, 368, 370, 486, 494.

As for the first domain (understanding, remembering, or applying information), the ALJ concluded that Adames had a moderate limitation.  Plaintiff reported doing well in school and had "average," (June 2016 consultative examination), or "above average" intelligence (February, April 2018 consultative examinations).  *Id*. at 24-25, 368-370, 486, 494.  Plaintiff did miss substantial time at school, but this was because of anxiety- and sleep-related issues, not cognitive problems rising to the level of disability under the Social Security Act.  The strongest evidence against the ALJ's conclusion was Dr.

8

Goldman's June 2016 consultative report, which assessed "moderate" limitations in plaintiff's ability to follow directions and instructions, learn new tasks, and perform complex tasks independently. *Id*. at 338. But the ALJ acknowledged (and credited) this evidence. *Id*. at 25-26. And this evidence was isolated and plainly not, in itself, sufficient to meet the Listing.

On the second domain (interacting with others), the ALJ comprehensively considered the full body of evidence and concluded that Adames had a moderate limitation. *Id*. at 25. Plaintiff reported that he "socialized with friends," played sports, and performed regular public activities; *Id*. at 25, 339-43 (consultative examination June 2016); and he behaved appropriately in his February and April 2018 examinations. *Id*. at 486, 494. As the ALJ observed, Plaintiff reported "social anxiety" at school, "social withdrawal," "irritability," and "panic attacks" triggered by other people. *Id*. at 25, 334-38, 352-53. But the June 2016 consultative examination assessed only mild limitations. *Id*. And there was no evidence linking these social anxieties to Plaintiff's absences from school.

As to the third domain (concentrating, persisting, or maintaining pace), the evidence indicated that Plaintiff had mild to moderate limitations: as the ALJ observed, Plaintiff was diagnosed with ADHD, and he reported concentration problems,

9

largely due to anxiety, in June 2016 consultative examinations, *Id*. at 25, 334-38, 391, 400, 405.  A state consultative examiner, Dr. Goldman, however, assessed these limitations as "mildly" limiting but not "significant enough to interfere with [Adames's] ability to function on a daily basis."  *Id*. at 338.  Plaintiff also appeared to improve in the February and April 2018 examinations, where examiners reported Plaintiff had a "good" attention span.

As for the final domain (adapting and managing oneself), the ALJ concluded that Plaintiff had a mild limitation. *Id*. at 27.  This was based on the ALJ's review of the record, including Adames's mother's observation that his mood and school attendance improved with changes to his medication. *Id*. at 26.  The ALJ acknowledged that Dr. Goldman's June 2016 consultative examination found moderate limitations in some aspects but concluded that those observations were not inconsistent with the wider body of evidence.  Significant too, in the ALJ's view, was that after that examination, Adames graduated high school and began work in a warehouse.[6]  *Id*. at 24-25.

---

[6] Adames's work at the warehouse appears potentially incongruous with the ALJ's finding at step one that he had not engaged in any substantial gainful activity.  This issue goes unchallenged by Plaintiff and unmentioned by the Commissioner.  The Court need not consider the question because it is granting judgment to the Commissioner.

10

Turning to the RFC analysis, the ALJ concluded that the impairments did not prevent Plaintiff from performing the full range of "light work" described in § 404.1567(b). To be "considered capable of performing a full or wide range of light work," as the ALJ found, the applicant must be able to (1) lift "no more than 20 pounds at a time"; (2) "frequently lift[] or carry[] . . . objects weighing up to 10 pounds"; and, (3) either perform a "good deal of walking or standing," or when the job involves sitting most of the time, be able to "sit[] most of the time with some pushing and pulling of arm or leg controls." *Id*. The ALJ determined that Plaintiff satisfied this standard, with the caveat that he be "limited to simple, routine tasks; and to occasional contact with supervisors, coworkers, and the public," and "must also avoid concentrated exposure to pulmonary irritants." Tr. 27. These limitations are supported by the evidence; there were no serious and inconsistent physical limitations indicated on the record.

Finally, at step five, the ALJ considered Adames's RFC and his age, education and work experience to determine whether there was work in the national economy that he could perform. The ALJ elicited testimony from a vocational expert, David Vandergoot, who testified that Adames could perform several such jobs, including as a routing clerk, photocopy machine operator, and advertising material distributor. *Id*. at 35, 71-76.

11

The ALJ's decision followed the appropriate legal standards and was predicated on substantial evidence. Plaintiff points to no legal error, and the court's review of the record reveals none. The ALJ acknowledged Adames's *pro se* status, and in light of that took the appropriate steps to develop the record, including by seeking and acquiring medical records from Adames's psychiatrist's office, the Joseph Addabbo Family Health Center. *Id*. at 204, 312, 317.

At bottom, Adames does not advance a set of arguments as to why he is entitled to benefits, let alone arguments that compel the vacatur of the ALJ's decision. The ALJ's decision was supported by substantial evidence and was free of legal error.

## III. Conclusion

For the reasons set forth above, the Court grants the Commissioner's motion for judgment on the pleadings. The Clerk of Court is respectfully requested to enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

\_\_/s/ Eric Komitee_____
ERIC KOMITEE
United States District Judge

Dated:   March 29, 2022
         Brooklyn, New York